UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RUSSELL JOHNSON,

    Petitioner,                                        Case No. 2:08-CV-13132

v.

                                                      HON. AVERN COHN

SHERRY BURT,

    Respondent.

_____/

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Joseph Russell Johnson is a state inmate confined at the Parnall Correctional Facility, where he is serving a sentence of 38-to-180 months for his conviction of one count of second-degree criminal sexual conduct. MICH. COMP. LAWS 750.520c(1)(A). Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Michigan Attorney General's Office, filed a response, arguing that Petitioner's claims are not cognizable or without merit. For the reasons which follow, the petition will be denied.

### II. Background

Petitioner was originally charged with two counts of second-degree criminal sexual conduct involving the molestation of two young girls. He reached a plea bargain in which he agreed to plead no contest to one count of second-degree criminal sexual conduct in

1

exchange for dismissal of the other count and a sentence that fell within the sentencing guidelines. At the sentencing hearing the guidelines were calculated to set the minimum sentence between 19 and 38 months.[1] Petitioner was sentenced to 38-to-180 months.

Petitioner was appointed appellate counsel who filed a motion for resentencing. The motion raised three claims:

> I. Defendant's sentence was invalid because it was based on inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines, and use of an incorrect burden of proof and insufficient facts; therefore, his due process rights were violated.
>
> II. Correctly scoring the guidelines would require resentencing.
>
> III. The defendant's sentence was invalid because it was based on inaccurate information contained in the PSI which violated his due process rights. In addition the defendant is entitled to an accurate PSI which must be corrected and the corrections sent to the Department of Corrections.

A hearing was held on the motion, and the trial court denied Petitioner's claims on the merits. Tr. 5-4-07, at 11-17.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals that raised the same three claims. The application added a fourth claim that Petitioner's trial counsel was ineffective for failing to raise these issues at the sentencing hearing. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented. *People v. Johnson,* No. 280510 (Mich.Ct.App. Oct. 12, 2007). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims. The Michigan Supreme Court denied leave to appeal.

---

[1] Under Michigan's indeterminate sentencing scheme, the sentencing guidelines determine the defendant's minimum term whereas the maximum term is set by statute. The maximum term under Michigan law for second-degree criminal sexual conduct is 15 years. MICH. COMP. LAWS 750.520c.

*People v. Johnson,* 481 Mich. 868 (May 21, 2008).

Petitioner has now filed a petition for writ of habeas corpus, presenting the following claims:

> I.  The Petitioner's sentence was invalid because it was based on inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines, and use of an inaccurate burden of proof and insufficient facts; therefore, his due process rights were violated.
>
> II.  Correctly scoring the guidelines would require resentencing.
>
> III.  The Petitioner's sentence is invalid because it is based on inaccurate information in the PSI which violated his due process rights.  Entitled to accurate PSI.
>
> IV.  The Petitioner received the ineffective assistance of counsel.

### III.  Standard of Review

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

3

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. Analysis

Petitioner challenges his sentence on several grounds. He claims that the trial court violated his Sixth Amendment rights by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by him. He asserts that an incorrect scoring of the sentencing guidelines amounts to a sentence based on inaccurate information in violation of due process. Petitioner also claims that the guidelines were incorrectly scored to reflect the trial court's incorrect belief that Petitioner represents a serious risk to the community because he maintained his innocence at sentencing. Finally, Petitioner claims that his counsel was ineffective for failing to raise these challenges at the time of sentencing.

First, Petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position that his sentence was improperly based on facts that were not determined beyond a reasonable doubt.

Petitioner is mistaken. The holdings in *Apprendi* and *Blakely* do not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing).

Moreover, to the extent Petitioner contends that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment, the Sixth Circuit has rejected this argument in *Chontos, supra* at 1002 ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due process rights or his right to a jury trial. *Montes*, 599 F. 3d at 497. Petitioner is therefore not entitled to habeas relief on his *Blakely* claim. *Id.*

Next, Petitioner's allegation that an incorrect scoring of the sentencing guideline range amounts to a sentence based on misinformation is not cognizable in this action.

5

A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. See *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. See *Estelle v. McGuire*, 502 U.S. 62, 67-68,(1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored o the guidelines range raises issues of state law that are not cognizable on habeas review. See *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). As such, Petitioner is not entitled to habeas relief on this claim.

Petitioner also says that the sentencing court incorrectly determined that Petitioner's failure to show remorse at sentencing made it less likely that he would be amenable to rehabilitation. It is important to note that Petitioner did not argue in the state courts and does not argue here that the trial court's comments amounted to a Fifth Amendment violation. *See, e.g, Ketchings v. Jackson*, 365 F.3d 509 (6th Cir. 2004). Rather, Petitioner argued in state court and argues here that it is simply not true that a protestation of one's innocence decreases the likelihood that he can be rehabilitated. See Tr. 5-4-07, at 15-16.

At sentencing, Petitioner did not indicate that he was remorseful but instead chose to maintain that he was innocent despite his no contest plea:

> Your Honor, all this is a bunch of bias. I never touched them kids. All I got to say is that the people that she had babysitting did touched them, and I seen it. And the guy threatened me. He told me if I every told

6

>anybody, I would have been gone.
>
>That was the exact words that he said to me, and I have told my wife about this and we kept it between us. After that, he went and hung himself in his own house. It was in the newspaper about a couple months ago. That's why I never told her.
>
>And the kids were climbing all over me, and I told them to get down. I never touched them at all.
>
>And I was trying to tell the officer the whole truth, but he just jumped - made conclusion to conclusion.
>
>Your Honor, If it comes down to it, I would rather be home with a tether on me and be on probation.
>
>That's all I got to say, sir.

Sent. Tr. at 5-6.

If Petitioner had shown remorse and had admitted his crimes, it is possible he would have received a reduced sentence, because "those who admit their guilt are often less threatening to society." *United States v. McClain*, 2 F.3d 205, 207 (7th Cir. 1993). The failure to show remorse is a relevant factor for courts to consider when determining the appropriate sentence because "[a] contrite defendant is considered to be more likely to benefit from rehabilitation and is, therefore, more deserving of leniency in sentencing." *El v. Artuz*, 105 F. Supp. 2d 242, 255 (S.D. N.Y. 2000). Petitioner has simply offered no support for his assertion that a failure to show remorse does not in fact affect his chances for rehabilitation. And outside a claim that the trial court used the exercise of Petitioner's Fifth Amendment right against self-incrimination against him - a claim that was not presented to the state courts and is not being presented in the instant petition - Petitioner has not pointed to anything preventing the sentencing court from considering his rehabilitative prospects when imposing sentence.

Finally, in his final claim alleging ineffective assistance of counsel, Petitioner says that his counsel was ineffective for failing to raise the sentencing claims presented in the petition. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" or if "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner has not made such a showing. In light of the fact that Petitioner's sentencing claims were rejected by the trial court judge when he denied Petitioner's motion for resentencing, Petitioner cannot show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines. See *Myers v. Ludwick*, No. 2009 U.S. Dist. LEXIS 112330, 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009). Because Petitioner has offered no evidence to show that the state trial court would have been inclined to impose a lesser sentence had his counsel raised any of his sentencing claims at the sentencing hearing, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness. *See Spencer v. Booker*, 254 Fed. Appx. 520,

525-26 (6th Cir. 2007).

Accordingly, none of Petitioner's claims merit habeas relief.

## V. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on any of his claims. Accordingly, the petition for a writ of habeas corpus is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner is also DENIED *in forma pauperis* status to appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.


Dated:  January 10, 2011                   S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE



**CERTIFICATE OF SERVICE**

---

[2]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

**08-13132 Johnson v. Burt**
**Memorandum & Order Denying Petition for Writ of Habeas Corpus**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Joseph Johnson, 616649, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 and the attorneys of record on this date, January 10, 2011, by electronic and/or ordinary mail.

                S/Julie Owens
                Case Manager, (313) 234-5160